IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JACOBY; TECH LOGISTICS GROUP, INC. | 2:09-cv-03185-GEB-KJN |
| Plaintiffs, | |
| v. | ORDER IMPOSING SANCTION, RULE 4(M) NOTICE, CONTINUING STATUS CONFERENCE |
| ROBERTA ROBINS, aka ROBIN ROBINS; TECHNOLOGY MARKETING TOOLKIT, INC., | |
| Defendants. | |

Plaintiffs and their counsel were issued an Order to Show Cause on March 11, 2010, ("March 11 OSC") which required them to explain why sanctions should not be imposed because of Plaintiffs' failure to file a timely status report. Since no timely status report was filed, the status conference was rescheduled to April 12, 2010, and Plaintiffs were required to file a status report no later than fourteen days prior to the April 12 status conference.

Plaintiffs' counsel responded to the March 11 OSC, but did not file a status report prior to the April 12, 2010, status conference, as required by the March 11 OSC. Plaintiffs' counsel states in the response to the March 11 OSC that Defendants filed a suit against Plaintiffs in Tennessee and that "[i]n light of the fact that the Tennessee action is required to proceed, and embraces essentially the same factual issues [as this case,] [Plaintiffs' counsel is] considering dismissing this Federal Court action as being duplicative." Further, Plaintiffs' counsel states "settlement discussions have commenced between the parties, which, if successful, would involve the dismissal of both cases." Plaintiffs' counsel also

explains that he "did not file the [status report] which triggered the Court's OSC here because the case is not yet at issue, the [D]efendants have not appeared, and [he] believe[s] the matter may be resolved by dismissal, at least as to this action." Lastly, Plaintiffs' counsel "request[s] that the Court not impose any sanctions, and further request[s] that the Court allow a short period of time to enable the possible settlement and/or dismissal to take place."

Plaintiffs' counsel is mistaken about his obligation to apprise the court of the status of this case in a timely filed status report, as required by an order scheduling a status conference and a status report. Counsel's response indicates he does not understand his "obligation to strictly comply with a filing deadline prescribed in a Rule 16 order." Martin Family Trust v. Heco/Nostalgia Enterprises Co.,186 F.R.D. 601, 602 (E.D.Cal. 1999). It is evident that counsel elected to explain something about the status of the case in response to an OSC; however, it is mystifying why counsel concluded he was justified in disregarding status report filing deadlines. If counsel desired to seek a continuance of the status conference and status report filing deadline, counsel should have filed a timely request for a continuance. That request could have included what counsel explained in response to the OSC, and to what approximate date counsel desired to have a status hearing scheduled. Absent such scheduling, a case has the potential to remain pending in federal court indefinitely.

"[W]e expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court. Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d

2

1241, 1244 (9th Cir. 1998). "Calendars are simply too crowded for parties to treat scheduling orders as optional and to conduct trial preparations at their own convenience." Robson v. Hallenbeck, 81 F.3d 1, 4 (1st Cir. 1996). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **"the date 'slipped by him'"**) (emphasis added). "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa, 136 F.3d at 1244.

Since Plaintiffs' counsel failed to file a timely status report, and counsel's excuse for that failure is insufficient to avoid a sanction, Plaintiffs' attorney Gerald William Filice and/or Filice Law Offices is sanctioned three hundred and fifty dollars ($350.00). This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order is filed by a check made payable to the "United States Treasury." Proof of payment shall be filed within five (5) days of payment. This sanction is personal to counsel or his law firm and shall not be transmitted to counsel's clients.

**Further, Plaintiffs are notified under Rule 4(m)** of the Federal Rules of Civil Procedure **that any defendant not served with process within the 120 day period prescribed in that Rule, may be**

**dismissed unless Plaintiffs provide proof of service or "show[] good cause for the failure" to serve a defendant within this prescribed period in a filing due no later than 4:00 p.m. on April 15, 2010.**

Lastly, due to Plaintiffs' failure to file a status report and to Plaintiffs' apparent failure timely serve all defendants, the status conference scheduled for April 12, 2010, is continued to June 14, 2010, at 9:00 a.m.  A joint status report shall be filed no later than fourteen days prior to the status conference.

Dated:  April 8, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge